# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

2019 ND 35

---

In the Interest of H.B., a child

State of North Dakota,                                    Petitioner and Appellee

    v.

H.B., Child; Barb Oliger, Guardian
ad Litem; Executive Director, ND
Department of Human Services,                            Respondents

    and

J.B., Mother; J.C., Father,                        Respondents and Appellants

---

No. 20180439

---

In the Interest of V.B., a child

State of North Dakota,                                    Petitioner and Appellee

    v.

V.B., Child; Barb Oliger, Guardian
ad Litem; Executive Director, ND
Department of Human Services,                            Respondents

    and

J.B., Mother; J.C., Father,                        Respondents and Appellants

No. 20180440

In the Interest of A.B., a child

State of North Dakota,                                      Petitioner and Appellee

    v.

A.B., Child; Barb Oliger, Guardian
ad Litem; Executive Director, ND
Department of Human Services,                              Respondents

    and

J.B., Mother; J.C., Father,                        Respondents and Appellants

No. 20180441

Appeal from the Juvenile Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judicial Referee.

AFFIRMED.

Per Curiam.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee.

Alyssa L. Lovas, Bismarck, ND, for respondent and appellant J.B.

Susan Schmidt, Bismarck, ND, for respondent and appellant J.C.

**Interest of H.B., V.B., and A.B.**

**Nos. 20180439 - 20180441**

**Per Curiam.**

[¶1] J.B. and J.C. appealed from a juvenile court's orders terminating their parental rights to H.B., V.B., and A.B. J.B. and J.C. argue that the juvenile court erred in finding the conditions and causes of deprivation are likely to continue, that the children are suffering or will probably suffer serious physical, mental, moral, or emotional harm, and that Burleigh County Social Services failed to use reasonable efforts to reunify the children with J.B. and J.C. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and conclude that facts existed upon which the juvenile court could find deprivation would continue and reasonable efforts for reunification were present. *See In Interest of A.B.*, 2017 ND 178, ¶ 12, 898 N.W.2d 676 ("[w]e will not overturn a juvenile court's findings of fact in a termination proceeding unless the findings are clearly erroneous under N.D.R.Civ.P. 52(a).").

[¶2] Gerald W. VandeWalle, C.J.
Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte